IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT MARTIN, | § | |
| Plaintiff | § | |
| V. | § | |
| | § | |
| BARRETT, DAFFIN, FRAPPIER, TURNER, & ENGEL LLP; and MELISSA GALVAN | § § § | A-15-CV-290-SS-ML |
| Defendants | § | |

## REPORT AND RECOMMENDATION

TO THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Robert Martin's Complaint [Dkt. #1], which the undersigned granted leave to file in forma pauperis [Dkt. #4], and the Motion to Dismiss filed by Defendant Barrett, Daffin, Frappier, Turner, & Engel LLP ("Barrett Daffin").

The Motions were referred by United States District Judge Sam Sparks to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

**I. BACKGROUND**

Robert Martin, a citizen of Texas, asserts Barrett Daffin engaged in a RICO conspiracy with their non-party co-conspirators, the American Bar Association and the State Bar of Texas. Complaint [Dkt. #1] at 1. Martin asserts the unspecified "acts" of the "racketeers" were "the proximate cause of the Martin [*sic*] being defrauded of his rural Texas homestead." *Id.* He

1

continues by reciting further elements of a RICO violation, e.g., that "[t]he racketeers pose a threat of continued criminal activity" and their unspecified "predicate acts of fraud was [*sic*] knowing, intentional, and reckless." *Id.* at 2.

Martin goes on to assert that Barrett Daffin, in particular, "committed two frauds by advancing two writings which they signed which they knew were false with the intent that Martin and others rely on the writings to injure affiant by depriving affiant of property." *Id.* Martin does not say what the writings were or how or to whom they were "advanced" by Barrett Daffin to deprive Martin of his property. *Id.* Martin reasserts the same nonspecific allegation that Barrett Daffin knowingly advanced a fraudulent writing in his next paragraph. He goes on to accuse Barrett Daffin of committing fraud through various other actions, generally alleged without establishing the "who, when, and how" of any allegedly fraudulent representation or omission. *Id.* at 3. None of these general allegations of fraud relate, on the face of the complaint, to any injury allegedly suffered by Martin (except for the bare accusation that "Melissa Galvan committed fraud by aiding and abetting Barret [*sic*] Daffin Frappier Turner & Engel, LLP, in the theft of the Martins [*sic*] home." *Id.* Again, this allegation fails to specify how Ms. Galvin aided and abetted the alleged theft of Martin's home.

## II. STANDARD OF REVIEW

### A. Jurisdiction

Martin's complaint does not expressly state his claimed basis for federal jurisdiction, but it is apparent from his pleadings that he seeks to assert RICO claims against Defendants under federal law (18 U.S.C. §§ 1961 and 1962). Accordingly, this court has federal question jurisdiction over Martin's RICO claims, 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over his state law fraud claims and other causes of action. 28 U.S.C. § 1367.

### B. 28 U.S.C. 1915(e)

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous if it lacks an arguable basis in fact or law. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992)). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir.), cert. denied, 123 S. Ct. 660 (2002); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in fact if it encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33, 112 S. Ct. at 1733; *see also Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 1831 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

### C. Federal Rules of Civil Procedure 12(b)(6) and 9(b)

Federal Rule of Civil Procedure 12(b)(6) allows the court to dismiss a claim that, on its face, "fails to state a claim upon which relief may be granted." In reviewing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded facts in the complaint, and must view the allegations as a whole in the light most favorable to the non-movant. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1965-66 (2007). Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)).

To the extent a complaint alleges claims sounding in fraud, Federal Rule of Civil Procedure 9(b) requires that plaintiffs go a step further: the underlying factual circumstances must be plead "with particularity." *Id.* "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. Tex. 2003) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

### IV.  ANALYSIS

As noted above, Martin's claim entirely fails to plead the specifics of the alleged RICO conspiracy or the Defendants' alleged acts of fraud.  Simply pleading the elements of a cause of action, without specific factual support, is insufficient to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), *Twombly*, 550 U.S. at 555-57, and thus

necessarily fails the requirements of Section 1915(e).  28 U.S.C. § 1915(e)(2)(B)(ii).[1]  Though she is not a party to the Motion to Dismiss [Dkt. #5], Martin's claims aginst Melissa Galvin must likewise be dismissed pursuant to 28 U.S.C. § 1915(e) because has failed to plead any specific factual allegations against her.  *Id.*; *see also Twombly*, 550 U.S. at 555-57; *Iqbal*, 556 U.S. at 679.

## V. RECOMMENDATIONS

Because Martin has failed to plead a viable cause of action against Barrett, Daffin, Frappier, Turner, & Engel, LLP, the undersigned RECOMMENDS that Defendant's Motion to Dismiss [Dkt. #5] be GRANTED.

The undersigned further RECOMMENDS that Martin's claims against all Defendants be DISMISSED without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e).

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

[1] Furthermore, as Barrett Daffin has plead in their motion to dismiss, an attorney enjoys "qualified immunity," with respect to non-clients, for "actions taken in connection with representing a client in adversarial circumstances." *See, e.g., Butler v. Lilly*, 533 S.W.2d 130, 131-34 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ dism'd).  *See also, Alpert v. Crain, Caton & James, P.C.,* 178 S.W.3d 398, 408 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).  To the extent Martin seeks to hold Barrett Daffin responsible for the "theft" of his home in the sense that they were the attorneys for the creditor during foreclosure proceedings against him, Barrett Daffin has immunity for its actions as a matter of law.  *L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748 (5th Cir. 2014).  Martin's conclusory accusations that Barrett Daffin "advanced" false documents, unsupported by specific factual allegations, are insufficient to overcome this immunity.  *Id.*

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED June 12, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE