IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ROBERT MARTIN,
          Plaintiff,

-vs-                                        Case No. A-15-CA-290-SS

BARRETT DAFFIN FRAPPIER TURNER &
ENGEL, LLP and MELISSA GALVAN,
          Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Barrett, Daffin, Frappier, Turner & Engle, LLP's Rule 12(b)(6) Motion to Dismiss [#5] and the Report and Recommendation of the United States Magistrate Judge [#6]. No objections have been filed. Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having granted Martin leave to proceed *in forma pauperis* (IFP), the Magistrate Judge duly performed a review of his claims pursuant to 28 U.S.C. § 1915(e) and found they should be dismissed. Martin is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir.

2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

Plaintiff Robert Martin, acting *pro se*, brings claims under the Racketeering and Influenced Corrupt Organization Act (RICO) and for fraud against Defendants Barrett Daffin Frappier Turner & Engle, LLP (BDFTE) and Melissa Galvan. Martin's claims appear to arise out of a foreclosure of real property, although Martin fails to identify the property in question in his complaint. In fact, the complaint is little more than a recitation of legal standards related to RICO and citations to a handful of United States Treasury regulations. *See* Compl. [#1] at 1–3. Melissa Galvan's identity is not clear; she is alleged only to have "aid[ed] and abett[ed]" BDFTE "in the theft of Martin's home." *Id.* at 3. As for BDFTE, Martin appears to allege that BDFTE, the American Bar Association, and the State Bar of Texas have together conducted some unspecified pattern of racketeering activity leading to foreclosure on Martin's home. *See id.* at 1. Additionally, Martin alleges BDFTE "committed two frauds by advancing two writings which they signed which they knew were false with the intent that Martin and others rely on the writings to injure [Martin] by depriving [Martin] of property." *Id.* at 2. Martin does not identify these allegedly false "writings." Martin seeks "at least" $500,000 in damages on his claims. *Id.* at 4.

As Martin is proceeding IFP, his complaint may be dismissed at any time if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). *Pro se* complaints are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* status does not afford the complainant "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with

meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

As explained by the Magistrate Judge and illustrated above, Martin has clearly failed to state a claim upon which relief may be granted. Martin fails to plead any specific factual allegations concerning the purported RICO conspiracy among BDFTE, the American Bar Association, and the State Bar of Texas, or the fraud he claims occurred. Further, although Melissa Galvin was not a party to the motion to dismiss, the Court agrees dismissal of all claims against Galvin for failure to state a claim is likewise appropriate, as Martin has pled no specific factual allegations concerning Galvin's involvement in any fraudulent scheme or RICO activity.

## Conclusion

The Court cautions Martin filing or pursuing any further frivolous lawsuits, similar to the one dismissed here, may result in serious sanctions or penalties, specifically: (1) the imposition of court costs pursuant to § 1915(f); (2) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (3) the imposition of an order barring him from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (4) the imposition of an order imposing some combination of these sanctions.

Accordingly:

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#6] is ACCEPTED;

IT IS FURTHER ORDERED that Defendant Barrett Daffin Frappier Turner & Engle, LLP's Rule 12(b)(6) Motion to Dismiss [#5] is GRANTED; and

IT IS FINALLY ORDERED that Plaintiff Robert Martin's Complaint [#1] is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

SIGNED this the 19th day of August 2015.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE